UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE,<br><br>        Plaintiff,<br>v.<br><br>JOHN DOE,<br><br>        Defendant. | 3:10-cv-1490 (CSH) |

**MEMORANDUM OPINION AND ORDER**

I.    **INTRODUCTION**

The present action arises from a dispute regarding possession of real property located at 71 North Main Street, East Granby, Connecticut (hereinafter "the property), and was originally filed in the Housing Division of the Connecticut Superior Court of the Judicial District of Hartford on 11/27/2009. *See Deutsche Bank Nat'l Trust Co. v. Balt, a/k/a John Doe*, Docket No. HDSP-154706 (herein "state action"). In that action, plaintiff Deutsche Bank National Trust Company ("plaintiff"), the foreclosing lender on the property, sought to evict defendant Roger Balt (a/k/a "John Doe"), a tenant of the property, because he failed to vacate the premises after being served with a Notice to Quit pursuant to Connecticut General Statute § 47a-23.[1] On March 2, 2010, Balt removed the state

---

[1]Section 47a-23 is the "Landlord and Tenant" provision entitled, "Notice to quit possession or occupancy of premises." That section provides, in relevant part:

> When the owner or lessor . . . desires to obtain possession or occupancy of any land or building, . . and . . . (2) when such premises, or any part thereof, is occupied by one who never had a right or privilege to occupy such premises; or (3) when one originally had the right or privilege to occupy such premises but such right or privilege has terminated;. . .

1

action to this District and plaintiff responded by filing a motion to remand. *See Deutsche Bank Nat'l Trust Co. v. Balt*, No. 3:10cv304 (WWE) (herein "*Deutsche Bank I*"), Doc. # 2, 9. On June 17, 2010, Judge Warren W. Eginton granted plaintiff's motion, thereby remanding the case to state court based upon his determination that Balt's notice of removal was "untimely" in that it was filed more than thirty days after he was served with the Complaint.[2] *Id.*, Doc. #11 (citing removal statute, 28 U.S.C. § 1446(b)).

The case was promptly returned to state court. On 9/9/2010, Chris Wisniewski, who resides on the property, filed a *pro* se appearance in that action as "a/k/a John Doe - Occupant."[3] The relevant court docket entry for that date noted that Wisniewski had filed an Answer and special defenses even though "[h]e was not named as a party in the case or listed on the notice to quit." On 9/20/2010, Wisniewski filed a motion to be cited in as a party defendant. Upon hearing oral argument, Judge Vernon D. Oliver denied Wisniewski's motion. *See* Doc. #8, p. 12. The following

---

such owner or lessor, . . . shall give notice to each lessee or occupant to quit possession or occupancy of such land, building, apartment or dwelling unit, at least three days before the termination of the rental agreement or lease, if any, or before the time specified in the notice for the lessee or occupant to quit possession or occupancy.

Conn. Gen Stat. § 47a-23(a)(2), (3).

[2] Balt was served with the complaint in the state action on 11/24/2009, more than three months prior to his removal of the case to district court on 3/2/2010. *See Deutsche Bank I*, Doc. #9 (Exhibit D) (marshal's return of service).

[3] Wisniewski stated that he resides on the property pursuant to "the protection of a lease between the foreclosed owner [Greg Ray Dunnett] and his employer, Alpha-Omega Painting LLC" (herein "Alpha Omega"). Doc. #1, p. 2 (Statement of Facts, para. 3); p. 5 ("Lease and Purchase Option Agreement," dated 5/21/2008). He asserted that the "lease is plead [sic] by way of special defense in . . . response to plaintiff's complaint." *Id.*, p. 2 (Statement of Facts, para. 3). Wisniewski also clarified that Balt has a "sublease from Alpha-Omega but no direct connection with that firm." *Id.*, (Statement of Facts, para. 4).

2

day Wisniewski filed a second such motion, requesting to be added as a party defendant. The resulting docket entry described the hearing thereon as "completed" while the court awaited briefs to be filed by 10/6/2010. To the present, the docket designates Wisniewski as a "pro se occupant" of the premises at issue, under the heading, "involved party," but does not list him as a defendant in the action.

On 9/20/2010, the same date he filed his first motion to be cited in as a defendant in the state action, Wisniewski removed the case to district court on the ground that this Court has federal question jurisdiction. Doc. #1 (Notice of Removal). Specifically he claimed that the Court will be required to consider provisions of federal bankruptcy law[4] and to apply and interpret the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), Pub. L. No. 111-22, § 702, 123 Stat. 1632 (2009).[5] *Id.*, pp. 1-2. Plaintiff responded by objecting to the removal on the ground that this Court lacks

---

[4]Wisniewski describes the "federal question" regarding bankruptcy law as "[w]hether a purchaser at a foreclosure auction whose title rests in part upon acts performed during the pendency of a bankruptcy court stay may enforce the said title against one claiming under the foreclosed owner." Doc. #1, p. 1.

[5]The Protecting Tenants at Foreclosure Act of 2009 provides:

In the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to-

(1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and

(2) the rights of any bona fide tenant, as of the date of each notice of foreclosure-

(A) under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease . . . .

*See* Pub. L. No. 111-22, § 702, 123 Stat. 1632, 1660-61 (2009).

3

subject matter jurisdiction because Wisniewski is not a named defendant in the state action. The Court concurs.

II. **DISCUSSION**

A. **Wisniewski is not a defendant in the state action and thus lacks standing to remove the action to federal court.**

It is well recognized that "[r]emoval is purely a statutory right, and removal statutes should be strictly construed in favor of state court jurisdiction." *Adams v. Adminastar Defense Services, Inc.*, 901 F. Supp. 78, 79 (D. Conn. 1995) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). *See* 28 U.S.C. §§ 1441(a) and 1446(a).

The removal statute, 28 U.S.C. § 1441(a), captioned, " Actions removable generally," authorizes the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, . . . **by the defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added).

Similarly, 28 U.S.C. §§ 1446(a), which controls the procedure for removal, specifies that the **defendant or defendants** may remove an action as follows:

> **A defendant or defendants** desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a) (emphasis added). "[F]ederal courts construe the removal statute [§ 1446(a)] narrowly, resolving any doubts against removability." *Edelman v. Page*, 535 F.

Supp. 2d 290, 292 (D. Conn. 2008) (citing *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)).

It is clear on the face of both sections 1441(a) and 1446(a) that once a plaintiff files its case in state court, **only a defendant** may remove the action to district court by following the prescribed procedures.[6] *See, e.g., JRA Holding, Inc. v. McCleary*, No. 95-7702, 1996 WL 80692, at *1 (2d Cir. Feb. 20, 1996) (case remanded to state court because "removal was improvident and without jurisdiction" where removing party was "not a party to the action she sought to remove"); *Franklin Nat'l Bank Sec. Litig. v. Andersen*, 532 F.2d 842, 846 (2d Cir. 1976) (only a defendant may remove an action); *Adams*, 901 F. Supp. at 79 ("It is axiomatic that in the usual case removal can be achieved only by a defendant, who is by implication a party to the state-court action."); *Juliano v. Citigroup*, 626 F. Supp. 2d 317, 318 (E.D.N.Y. 2009)("It is well settled that only a *defendant* in a state court action may remove that action under 28 U.S.C. §§ 1441 and 1446") (emphasis in original); *Geiger v. Arctco Enterprises, Inc.,* 910 F. Supp. 130, 131 (S.D.N.Y. 1996) ("It is clear beyond . . . doubt that the right of removal is vested exclusively in defendants.").[7]

As of the date Wisniewski removed the present action to district court, 9/20/2010, describing himself as "Doe 2," he was not a named defendant. Rather, the state court heard oral argument on his motion to be cited in as a party defendant and denied the motion. Although

---

[6]Nowhere in the removal statute is there language authorizing a non-party to remove a state-court action on behalf of the defendant.

[7]*See generally* 14C Charles Alan Wright, et al., *Federal Practice and Procedure*, Jurisdiction and Related Matters § 3730 (1985) (4th ed. 2010) ("Congress has determined which parties may exercise the statutory right to remove cases from state to federal court. Section 1446(a) of Title 28 authorizes only the state court defendants to remove cases to federal court.").

5

Wisniewski once again moved to be included as a defendant, he was and currently is listed on the state action docket as a "pro se occupant" under "involved party."

Despite the fact that he is not a defendant, Wisniewski contends that he has an interest in that action in that he is an occupier of the property at issue pursuant to his employment relationship with Alpha Omega.[8]  He claims that he is a third party beneficiary on the lease between the foreclosed owner of the property, Greg Ray Dunnett, and Alpha Omega because he was required to reside on the property as a condition of his employment and to give Alpha Omega a four hundred dollar ($400) credit every month against his total compensation as "rental consideration."  Doc. #1, p. 2, para. 4.  Wisniewski further argues that he is entitled to continue his occupation of the property pursuant to the PTFA, and has repeatedly moved the state court to cite him in as a party defendant.[9]

It is not, however, incumbent on this Court to determine who should be included as a defendant in the state action.  Moreover, even when a non-party "claims to be a real party in interest," that party "has no authority to notice removal under [the relevant statutes], . . . 28 U.S.C. § 1441 and 1466(a), which speak only of removal 'by the defendant or defendants.'"  *American Home Assur. Co. v. RJR Nabisco Holdings Corp.*, 70 F. Supp. 2d 296, 298-99

---

[8]According to Wisniewski, Alpha Omega sublet the property to Balt (Doc. #1, p. 2 (Statement of Facts, para. 4)), who the plaintiff contends was the sole tenant of the property at the time it served the Notice to Quit (Doc. #7, p. 3, para. 1).

[9]The Court further notes that most recently, Wisniewski filed a Claim of Exemption (10/13/2010) in the state action, seeking exemption from eviction.  The state court scheduled a hearing on that claim for 11/1/2010, but later granted a motion to continue the hearing to 11/8/2010 "by agreement of the parties."  *See Deutsche Bank Nat'l Trust Co. v. Balt, a/k/a John Doe*, Docket No. HDSP-154706, docket entry for 10/29/2010.  It thus appears that the state action proceeds despite Wisniewski's removal.

(S.D.N.Y. 1999) (citations omitted). Simply put, only a named defendant has the statutory authority to remove an action. Any alleged interest that Wisniewski may have in the state action does not vest him with the right to remove it to district court. He is not a defendant and thus his removal of the action is fatally flawed. The action must be remanded to state court.

**B.** **<u>Any attempted removal by Balt remains time-barred.</u>**

Having noted that Wisniewski is not a defendant in the state action and is thus an improper party to effectuate removal, the Court turns to defendant Balt, who, pursuant to this District's standing order regarding removal, now declares that he joins in Wisniewski's removal and that such removal is "timely because it is based upon grounds which did not exist prior to September 9, 2010."[10] Doc. #10, p. 2. Specifically, Balt asserts that "[t]his removal is based upon Wisniewski's status as a third party beneficiary of a lease which has been plead [sic] as a bar to eviction following a foreclosure sale." *Id.*, p. 1, para. 4. Balt's sole argument to allow removal to proceed is that Wisniewski did not appear in the state action until September 9, 2010, and thus his removal is timely. *Id.*, para. 3.

As stated *supra*, Wisniewski's removal of the state action is improper in that he is not a defendant in the action. Furthermore, any attempt by defendant Balt to remove the action a

---

[10]The "Standing Order on Removed Cases," as set forth in this District's Local Rules of Civil Procedure, states in relevant part:

> All parties removing actions to this Court pursuant to 28 U.S.C. § 1441 shall, no later than seven (7) days after filing a notice of removal, file and serve a signed statement that sets forth the following information:
> . . . .
> 4. If removal takes place more than thirty (30) days after any defendant first received a copy of the summons and complaint, the reasons why removal has taken place at this time.

second time remains time-barred. As Judge Eginton previously ruled when remanding the action to state court, Balt's notice of removal was untimely pursuant to 28 U.S.C. § 1446(b) when he filed it on March 2, 2010, more than thirty days after he received service of the complaint, on November 24, 2009.[11] *See*, *Deutsche Bank I*, Doc. #11 (filed 6/17/2010), pp. 1-2.

**C.    This Court lacks subject matter jurisdiction over the present action where there is no established diversity of citizenship and no claim giving rise to a federal question.**

Lastly, the Court notes that, even if Wisniewski had been cited in as a defendant in the state action, the action would still not be removable to this Court because the Court lacks subject matter jurisdiction. A federal court has limited jurisdiction pursuant to Article III of the Constitution. In order for the Court to exercise subject matter jurisdiction, either (1) there must be complete diversity of citizenship between the plaintiff and all defendants and the amount in controversy must exceed $75,000, pursuant to 28 U.S.C. § 1332 (a)(1);[12] or (2) the plaintiff must set forth a colorable claim arising under the Constitution or federal statute, creating "federal

---

[11]Section 1446(b) provides:

The notice of removal of a civil action or proceeding shall be filed **within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading** setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b) (emphasis added).

[12]28 U.S.C. 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States." *See also Strawbridge v. Curtiss*, 3 Cranch 267, 1806 WL 1213, at *1 (February Term 1806).

8

question" jurisdiction, under 28 U.S.C. § 1331.[13]

The removal statute itself recognizes the limits of the district court's subject matter jurisdiction by specifying that only a state action that could have originally been filed in federal court may be removed. 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed"). *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The statute thus allows defendants to remove an action filed in state court only when that action either presents a federal question or is between citizens of different states.[14] *Id*. § 1441(b).

This Court has the duty to review a plaintiff's complaint "at the earliest opportunity" to determine whether there is in fact subject matter jurisdiction, *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp*., 109 F.3d 105, 107-08 (2d Cir. 1997), and to dismiss the action where such jurisdiction is lacking, Fed. R. Civ. P. 12(h)(3).[15] Specifically, with regard to

---

[13]"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[14]Section 1441, entitled, "Actions removable generally," provides in relevant part:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b).

[15]Fed. R. Civ. P. 12(h)(3) mandates that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See, e.g., Manway Constr. Co. v. Housing Authority of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory.").

9

removal, a court may remand for lack of subject matter jurisdiction at any time before final judgment. 28 U.S.C. § 1447 (c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

Moreover, the Second Circuit has held that a federal court shall dismiss an action whenever it determines that it lacks jurisdiction. *Lupo v. Human Affairs Intern., Inc.*, 28 F.3d 269, 272 (2d Cir. 1994); *see also Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37, 40 (2d Cir. 1991) ("if the federal court never could have exercised original jurisdiction over the case, remand is required even after the entry of final judgment").

On its face, the state-court complaint provides no information regarding the citizenship of the parties. Also, Wisniewski makes no representation in his Notice of Removal that there is any basis for diversity jurisdiction. Specifically, he makes no statement that the action is between citizens of different states and the amount in controversy exceeds $75, 000.

Rather, Wisniewski explicitly contends that "[t]his removal is based upon the original jurisdiction of the Federal Courts" in that "federal questions are raised by the instant litigation." Doc. #1, p. 1. In particular, he asserts that the Court will have to take into account bankruptcy law and interpret and apply the PTFA to determine whether the plaintiff may enforce its title to the property to evict Balt and/or Wisniewski. *Id.*, pp. 1-2.

A federal question must be clear from the face of a "well-pleaded complaint." The United States Supreme Court has "long held that '[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting

*Caterpillar,* 482 U.S. at 392). In order for federal question jurisdiction to arise, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. *See, e.g., Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986) (confirming that the "mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction"). Nor does a "suit seeking recovery under state law" become "transformed into a suit 'arising under' federal law merely because, to resolve it, the court may need to interpret federal law." *Sullivan v. American Airlines, Inc.*, 424 F.3d 267, 271 (2d Cir. 2005) (citing *Gully*, 299 U.S. at 115).

Furthermore, it is not sufficient for jurisdictional purposes that a federal question arise via a defense. *See Vaden v. Discover Bank*, --- U.S. ----, 129 S.Ct. 1262, 1272-73 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense"). A federal question must appear on the face of the plaintiff's properly pleaded complaint, *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); and a "defense is not part of a plaintiff's properly pleaded statement of his or her claim," *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). *See also Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003) ("[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses." Thus, "it is not enough that the plaintiff allege some anticipated [federal] defense to his cause of action"); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983) ( "a case may not be removed to federal court on the basis of a federal defense, ... even if the defense

is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."); *Sullivan*, 424 F.3d at 271 ("The well-pleaded complaint rule mandates that in assessing subject matter jurisdiction, a federal court must disregard allegations that a well-pleaded complaint would not include -- *e.g.*, allegations about anticipated defenses."); *City of Rome, N.Y. v. Verizon Communications, Inc.*, 362 F.3d 168, 174 (2d Cir. 2004) ("mere existence or invocation of a federal defense does not furnish a sufficient basis for jurisdiction to attach"); *Greenblatt v. Delta Plumbing & Heating Corp.*, 68 F.3d 561, 570 (2d Cir. 1995) ("well-pleaded complaint rule emerged to preclude federal jurisdiction when a federal question was asserted or anticipated as a defense").

Plaintiff's complaint in the case at bar contains no claim arising under federal law, the Constitution or federal statute. It simply sets forth a claim to evict Balt from the property at issue pursuant to Connecticut state statute, Conn. Gen. Stat. § 47a-23(a)(2), (3).

Moreover, any federal defenses that Wisniewski claims apply do not confer subject matter jurisdiction on this court. Although a defense may involve federal law, it does not give rise to a federal question for purposes of subject matter jurisidiction under § 1331. Accordingly, Wisniewski's "special defenses" regarding bankruptcy and the PTFA do not support the exercise of federal question jurisdiction over this case.[16] I thus find that, even had Judge Oliver granted

---

[16]The Court further notes that although the circuit courts have not yet addressed the issue, numerous district courts have held that the PTFA does not give rise to a private federal cause of action. *See, e.g.*, *Shaikh v. Fannie Mae*, No. 6:10-cv-1032-Orl-28GJK, 2010 WL 3734851, at *2 (M.D. Fla. Aug. 19, 2010) ("federal courts have held that the Protecting Tenants at Foreclosure Act of 2009 does not create a federal private right of action, but indeed provides directives to state courts") (quoting *Fannie Mae v. Lemere*, No. CIV S-10-1474 MCE GGH PS, 2010 WL 2696697, at *2 (E.D. Cal. Jul., 6, 2010); *Nativi v. Deutsche Bank Nat. Trust Co.*, No. 09-06096 PVT, 2010 WL 2179885, at *2-5 (N.D. Cal. May 26, 2010) (applying U.S. Supreme Court's 4-factor test of *Cort v. Ash*, 422 U.S. 66, 78 (1975) to hold that PFTA does not create a private

Wisniewski's motion to add him as a defendant, the action could not properly be removed. The Court would still lack subject matter jurisdiction over plaintiff's claim.

## III. **CONCLUSION**

The removing party, Wisniewski, is labeled as a "pro se occupant" and an "involved party" in the state action. He is not a defendant and therefore has no standing to remove the state action to district court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a). Because removal was improper, the Court lacks subject matter jurisdiction and must remand the case.

Moreover, defendant Balt may not remove the state action to this Court. As stated above, Wisniewski's removal is fatally flawed so any joinder in that removal is of no avail. Furthermore, if Balt were to make a second attempt to remove the action on his own, that attempt would remain time-barred pursuant to 28 U.S.C. § 1446(b). As Judge Eginton previously ruled, more than thirty days elapsed between Balt's receipt of service of the complaint, on November 24, 2009, and his initial attempt at removal, on March 2, 2010, in *Deutsche Bank I*. More than six additional months expired between Balt's removal and the present one by Wisniewski.

Lastly, and in any event, the plaintiff's state-court complaint sets forth no claim over which this Court would have original jurisdiction; and thus the action is not removable. There are no facts to establish diversity of citizenship (*i.e.*, that the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332(a)(1)). There is also no claim arising under

---

right of action that may be enforced in federal court).

federal law.[17] 28 U.S.C. § 1331. Under these circumstances, even if the state court had granted Wisniewski's request to become a defendant, this Court would still lack jurisdiction over the claim.

Accordingly, for all of the foregoing reasons, the Court lacks subject matter jurisdiction. This case shall be remanded immediately to the Housing Division of the Connecticut Superior Court, Judicial District of Hartford. The Clerk is hereby instructed to close the file.

It is SO ORDERED.

Dated: New Haven, Connecticut
November 4, 2010

*/s/Ellen Bree Burns*
Ellen Bree Burns
Senior United States District Judge

---

[17] In his Notice of Removal, Wisniewski made no representations about the citizenship of the parties and instead explicitly based this Court's jurisdiction on federal questions he raised as defenses. Doc. #1, p. 1. Federal jurisdiction cannot, however, be predicated on actual or anticipated defenses.